**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| KODA SERVICES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-07-231-M |
| ) | |
| TRAILER HAUL CONCRETE SYSTEMS, INC., ) | |
| d/b/a U-CART OF AMERICA, and AMERICAN ) | |
| STEEL FABRICATION, LLC, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Before the Court is Plaintiff's "Motion for Default Judgment" [docket no. 8], filed April 17, 2007. On June 8, 2007, the Court, having previously determined that Plaintiff is entitled to judgment by default, held a hearing to determine the amount of damages to be awarded. Plaintiff appeared through counsel and provided evidence of its damages through the testimony of Craig Rosengrants.

I.   INTRODUCTION[1]

On November 22, 2005, Plaintiff entered into a contract with Defendant Trailer Haul Concrete Systems, Inc. d/b/a U-Cart of America ("U-Cart") to deliver a concrete batch plant on or before February 22, 2006. The total purchase price for the batch plant was $96,000 toward which Plaintiff paid a $50,000 deposit. On March 16, 2006, U-Cart sold its manufacturing business to Defendant American Steel Fabrication, LLC ("American Steel"). As part of the sale, American Steel purchased Plaintiff's contract with U-Cart and obligated itself to deliver the batch plant to Plaintiff.   On February 23, 2007, having made several attempts to resolve this matter with

---

[1] The factual background is based upon Plaintiff's Complaint, Plaintiff's Motion for Default Judgment, and the evidence introduced at the hearing.

Defendants, Plaintiff filed the instant action asserting claims of breach of contract, fraud, and conversion and seeking the return of its $50,000.000 deposit. Plaintiff also seeks reimbursement for losses it sustained as a result of Defendants' failure to deliver the batch plant, specifically, the expenses Plaintiff incurred by having to purchase grout from outside sources that it could have produced on its own had the batch plant been delivered as promised.

II.     DISCUSSION

"Once the court determines that a judgment by default judgment should be entered, it will determine the amount and character of the recovery that should be awarded." 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2688, at 58-59 (3d ed. 1998). According to the terms of the contract, the batch plant should have been delivered on or before February 22, 2006. The batch plant was not delivered. In October, 2006, Plaintiff purchased a replacement batch plant which went into operation on June 4, 2007. Accordingly, Plaintiff seeks to recover damages for the period beginning March 1, 2006 and ending on June 4, 2007.

During the damage period, Plaintiff's total expense for grout was $1,052,359.15 of which $999,893.60 would have been eliminated if the batch plant had been delivered as promised. The average cost for grout from outside sources is $101.25 per yard while the cost for Plaintiff to produce grout with its own batch plant is $45.57 per yard. Thus, if the batch plant had been delivered as promised, Plaintiff would have realized a fifty-five percent savings less the $85,000 Plaintiff would have paid for labor. Accordingly, in addition to the return of its $50,000 deposit, Plaintiff seeks $464,941.48 for expenses it incurred due to Defendants' failure to deliver the batch plant.

Having carefully considered Plaintiff's motion and the evidence presented during the hearing, the Court finds that Plaintiff is entitled to recover damages in the amount of $514,941.48.

III. CONCLUSION

For the reasons set forth in detail above, the Court ORDERS that judgment by default be entered against Defendants Trailer Haul Concrete Systems, Inc., d/b/a U-Cart of America, and American Steel Fabrication, LLC forthwith and ASSESSES damages, which shall be joint and several between Defendants, in the amount of $514,941.48.  This Order effectively terminates this action in this Court.

**IT IS SO ORDERED this 15th day of August, 2007.**

*/s/ Vicki Miles-LaGrange*
VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE