**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| KODA SERVICES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-07-231-M |
| ) | |
| (1) TRAILER HAUL CONCRETE SYSTEMS, ) | |
| INC., d/b/a U-CART OF AMERICA; ) | |
| (2) AMERICAN STEEL FABRICATION, LLC, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Before the Court is plaintiff Koda Services Inc.'s Application for Attorney Fees [docket no. 19], filed December 31, 2007. A review of the file reveals that no response has been filed.

I.   DISCUSSION

On February 23, 2007, plaintiff filed this action against defendants alleging breach of contract, conversion and fraud. Neither defendant, Trailer Haul Concrete Systems, Inc. nor American Steel Fabrication, LLC answered the complaint, despite being served. On May 21, 2007, the Court granted plaintiff's Motion for Default Judgment, and on June 7, 2007, the Court held a hearing on the issue of damages. On August 15, 2007, the Court entered judgment on this action [docket no. 17]. Plaintiff now moves for its reasonable attorney fees in the amount of $2,117.50.[1]

---

[1] In support of the instant motion, plaintiff submitted detailed time records, which reveal the time expended by each attorney and paralegal who worked on this case and the details of the work performed. Plaintiff also submitted the affidavit of Micheal L. Darrah, plaintiff's counsel, in which he describes the manner in which time records are created and kept. According to the time records, plaintiff's counsel provided the following hours of service at the rates listed:

| | | |
|---|---|---|
| Micheal L. Darrah, attorney | 5.2 hours | $150 per hour |
| Charles B. Williams, attorney | 7.5 hours | $135 per hour |
| JEP, legal assistant | 5.0 hours | $65 per hour |

"In diversity cases such as this, attorney fees are substantive and are determined by state law." *Oulds v. Principal Mut. Life Ins. Co.*, 6 F.3d 1431, 1445 (10th Cir.1993). In Oklahoma "each litigant is responsible for its own attorney fees unless that rule is modified by statute or contractual provision." *Id*. (citing *State ex rel. Dept. of Transp. v. Norman Indus. Dev. Corp.*, 41 P.3d 960, 962 (Okla. 2001)).

The dispute at issue in the case at bar concerns a written contract for the delivery of a concrete batch plant. Plaintiff contends that attorney fees are authorized in this case pursuant to Okla. Stat. tit. 12, § 936, which provides:

> In any civil action to recover for labor or services rendered, or on an open account, a statement of account, account stated, note, bill, negotiable instrument, or contract relating to the purchase or sale of goods, wares, or merchandise, unless otherwise provided by law or the contract which is the subject of the action, the prevailing party shall be allowed a reasonable attorney fee to be set by the court, to be taxed and collected as costs.

Okla. Stat. tit. 12, § 936. The statute "reflects the Legislature's intent to mandate prevailing party attorney fees *in actions to collect money promised*, however evidenced–promissory note, negotiable instrument, account for property, labor or services or a bill or contract for goods." *Okla. Natural Gas Co.*, 355 F. Supp. 2d at 1253 (citing *Kay v. Venezuelan Sun Oil Co.*, 806 P.2d 648, 651 n. 11 (Okla. 1991)).

Although an award of fees to a prevailing party under Section 936 is mandatory, *Arkla Energy Res. v. Roye Realty and Developing, Inc.*, 9 F.3d 855, 865 (10th Cir.1993), the amount of fees awarded must be reasonable, *Morgan v. Galilean Health Enters., Inc.*, 977 P.2d 357, 364; *Tibbets v. Sight 'N Sound Appliance Ctrs., Inc.*, 77 P.3d 1042, 1046 (Okla. 2003). The determination of which party prevails and the reasonableness and amount of the fee award are within the sound

discretion of the district court. *Arkla Energy Res.*, 9 F.3d at 865; *Gamble, Simmons & Co. v. Kerr-McGee Corp.*, 175 F.3d 762, 773 (10th Cir.1999). An award of fees must be reasonable under the particular circumstances and must bear some reasonable relationship to the amount in controversy. *Sw. Bell Tel. Co. v. Parker Pest Control, Inc.*, 737 P.2d 1186, 1189 (Okla. 1987).

In *Burk v. City of Okla. City*, 598 P.2d 659, 661 (Okla. 1979), the Oklahoma Supreme Court adopted the lodestar method whereby the court multiplies the hours expended by the hourly rate and, after determining the lodestar amount, determines whether the amount should be increased or decreased based upon the following twelve factors:

1. Time and labor required,
2. The novelty and difficulty of the questions,
3. The skill requisite to perform the legal service properly,
4. The preclusion of other employment by the attorney due to acceptance of the case,
5. The customary fee,
6. Whether the fee is fixed or contingent,
7. Time limitations imposed by the client or the circumstances,
8. The amount involved and the results obtained,
9. The experience, reputation, and ability of the attorneys,
10. The "undesirability" of the case,
11. The nature and length of the professional relationship with the client, and
12. Awards in similar cases.

*Burk*, 598 P.2d at 661.[2]

Having reviewed plaintiff's counsel's detailed submissions and the procedural background of this matter, the Court finds that plaintiff is the prevailing party. The Court also finds that the hourly rates charged by plaintiff's counsel are reasonable based upon the rates charged by other attorneys in Oklahoma City for the same or similar legal services. Furthermore, the contract between these parties expressly provides for attorney fees and costs. Accordingly, the Court finds

---

[2]Plaintiff, however, does not request an enhanced fee. Further, having reviewed the fee summary, the Court finds none of the *Burk* factors militate for a reduction in the fee amount.

that plaintiff is entitled to an award for attorney fees in the amount sought and that, therefore, the instant motion should be granted.

III.    CONCLUSION

For the reasons set forth in detail above, the Court finds that the Application for Attorney Fees should be, and hereby is, GRANTED.  Accordingly, the Court awards plaintiff attorney fees in the total amount of $2,117.50.

**IT IS SO ORDERED this 7th day of January, 2008.**

*[signature]*

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE